NOT FOR PUBLICATION             CASE CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FENTON B. SLAUGHTER,<br><br>      Plaintiff,<br><br>    v.<br><br>HON. MICHAEL ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Civil Action No. 07-1078 (SDW)<br><br>OPINION<br><br>March 3, 2008 |

**WIGENTON**, District Judge.

Before the Court is Plaintiff Fenton B. Slaughter's ("Slaughter" or "Plaintiff") appeal pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), with respect to Administrative Law Judge Michal L. Lissek's ("ALJ") denial of Plaintiff's claim for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381-1383(c).

Plaintiff claims that the ALJ's decision was not supported by substantial evidence and therefore requires reversal, or alternatively, remand to the Commissioner for further proceedings. In opposition, Defendant argues that the ALJ's findings are supported by substantial evidence and should be upheld. The Court, having considered the parties' submissions and for the reasons set forth below, finds that the record supports the ALJ's findings and that there is no basis to remand for further review. The ALJ's decision will be **AFFIRMED**.

I.   **JURISDICTION AND VENUE**

The Court has subject matter jurisdiction over this matter pursuant to § 205(g), 42 U.S.C. § 405, and § 1631(c)(3), 42 U.S.C. § 1383(c)(3), of the SSA as there has been a final Commissioner decision, and the matter involves SSD and SSI claims. Venue is proper pursuant to 28 U.S.C. § 1391(b).

II.   **FACTUAL BACKGROUND**

Slaughter, a New Jersey Transit bus driver for 26 years, filed an application for SSD and SSI benefits on November 24, 2003, alleging disability as of February 20, 2003. (Compl. ¶ 6.) Plaintiff claims that he is unable to work due to diabetes, bursitis, hypertension, hand and foot numbness and shoulder pain. (Tr. 75.) Plaintiff also claims disability due to diverticulitis and diabetic neuropathy, as diagnosed by his personal physician, Dr. Arthur Chaney. (Pl.'s Br. at 4.) Dr. Michael Pollack, a state agency consultant, performed a medical examination on Plaintiff on February 26, 2004 and opined that his prognosis was "fair", he had a normal gait, full range of motion in his spine/joints, and that his neurological tests, motor tests and touch sensation were all at normal levels. (ALJ's Decision at 3). On April 13, 2004, Dr. Goldbas,[1] a state agency non-examining consultant, concluded that Plaintiff retained a "light" work Residual Functional Capacity ("RFC") which included occasional lifting/carrying of up to twenty pounds, and sitting/standing/walking for six hours in an eight hour workday. (Pl.'s Br. at 5.)

Plaintiff's application was denied initially and on reconsideration, after which Plaintiff timely filed a hearing request. (ALJ's Decision at 1.) On June 30, 2005, a hearing was held

---

[1] The Court notes that Plaintiff and Defendant improperly refer to Dr. Goldblas in their respective brief submissions as "Dr. Goldberg" and "Dr. Goldman."

before the ALJ. (ALJ's Decision at 1.) At the hearing, impartial medical expert and board-certified internist Dr. Martin Fechner testified that there was no electromyogram or nerve conduction study in Plaintiff's chart to confirm neuropathy and that, even assuming Plaintiff's symptoms did suggest mild neuropathy, Plaintiff could perform a full-range of light activity. (ALJ's Decision at 5; Def.'s Br. at 4.) Dr Fechner further testified that Dr. Chaney's assessment form as Plaintiff's treating physician did not support all his symptoms and diagnoses. (ALJ's Decision at 3.) In his October 3, 2005 decision, the ALJ denied Plaintiff's SSD and SSI Applications under the SSA. (Pl.'s Br. at 1.) The ALJ determined that from the date of Plaintiff's Application on November 18, 2004 to the date of the ALJ's Decision Plaintiff was not disabled and that given his RFC, "there were a significant number of jobs in the national economy that he could perform." (Def.'s Br. at 1.) In response, Plaintiff filed a request with Appeals Council on October 24, 2005 to review the ALJ's Decision. (Compl. ¶ 8.) On January 25, 2007, the Appeals Council denied Plaintiff's review request, thereby making the Commissioner's decision final and subject to review under SSA §205(g), 42 U.S.C. §405(g). (Compl. ¶ 9.)

Plaintiff filed a Local Rule 9.1(a)(2) brief asking this Court: (1) to reverse and remand this matter for the calculation and awarding of benefits, or alternatively, (2) to remand this matter to the Commissioner for further proceedings. (Pl.'s Br. at 12.) Plaintiff claims that the ALJ's Decision was not supported by substantial evidence as: (1) the ALJ failed to follow the Treating Physician Rule; (2) the ALJ failed to properly evaluate Mr. Slaughter's credibility; and (3) the ALJ improperly applied Medical Vocational Guidelines ("Guidelines") Rule 201.14. (Pl.'s Br. at 1.)

## III. <u>LEGAL STANDARD</u>

### A. *Standard of Review*

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Serv.'s*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981). Furthermore, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In determining whether substantial evidence exists to support the Commissioner's decision, the reviewing court must consider the: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F.Supp. 791, 793 (D.N.J.

1981) (citations omitted). Where evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's decision. *Mansour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1990 (3d Cir. 1986).

### B.   *Standard For Determining Disability Benefit(s) Eligibility*

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). A disabling impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual will be deemed to be disabled "only if the impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any other kind of substantial gainful work* which exists in the national economy . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added).

In determining whether an individual is disabled, the Social Security Administration has established a five-step evaluation process. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); *see* 20 C.F.R. § 404.1520 (2007). First, if the claimant is currently engaged in substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(I). Second, if the claimant does

not suffer from a "severe" impairment, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). Third, if the claimant suffers from an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, he is automatically disability benefits eligible. 20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d). If the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step. 20 C.F.R. § 404.1520 (e). In step four, if the Commissioner finds that the claimant retains the RFC to perform his past relevant work, he is disability benefits ineligible. 20 C.F.R. § 404.1520(a)(4)(iv). Fifth and finally, if the claimant, given his medical impairments, age, education, past work experience and RFC, can perform other work that exists in significant numbers in the national economy, he is not disabled or entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v). The burden is on the claimant to prove the first four factors, then the burden shifts to the Commissioner "to prove that there is some other kind of substantial gainful employment he is able to perform . . ." *Kangas*, 823 F.2d at 777.

## IV. DISCUSSION

With respect to the first two test prongs, the ALJ found and the parties do not dispute, that: (1) Plaintiff has not engaged in substantial gainful activity since February 20, 2003, and (2) he has suffered a severe impairment involving "diabetes mellitus, hypertension and history of diverticulitis" that meets the 20 C.F.R. § 404.1520 and 416.920 standard. (ALJ's Decision at 6.) Consequently, this Court must ascertain whether the ALJ properly determined at steps three, four and five that Plaintiff was not disabled, and though unable to return to his prior work, does have a RFC to perform other work.

Plaintiff alleges that the ALJ rejected his Application without substantial evidence to support his decision. (Pl.'s Br. at 1.) Specifically, Plaintiff argues that as to the third step in the

Commissioner's analysis the ALJ "improperly rejected the treating physician's opinion" in determining whether Plaintiff's diagnoses medically equaled one of the listed impairments in Appendix 1, subpart P. (Pl.'s Br. at 7.) Plaintiff further asserts that the ALJ failed to fully develop the record pre-decision. (Pl.'s Br. at 9.) As to the fourth step of the Commissioner's analysis, Plaintiff contends that the ALJ improperly made selective use of the medical evidence, and his credibility and history in determining his RFC. (Pl.'s Br. at 7.) Lastly, as to step five, Plaintiff argues that the ALJ failed to take his credibility into account and improperly applied Guidelines Rule 201.14. (Pl.'s Br. at 1.)

For the reasons set forth below, this Court finds that substantial evidence supports the ALJ's Decision on steps three, four and five, and that Plaintiff was not disabled.

### A.   *The ALJ Properly Found Plaintiff's Impairment Did Not Meet the Listings (Step Three)*

To automatically acquire SSI benefits, a claimant must suffer an Appendix 1 of 20 C.F.R. Part 404, subpart P impairment. *See* 20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d). In the present matter, Plaintiff must specifically meet the two conjunctive requirements of Listing 9.08: (1) that the claimant be diagnosed with diabetes mellitus; and (2) that the claimant be diagnosed with either neuropathy at a certain level of severity, acidosis or retinitis proliferans. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 9.08. The referenced neuropathy must be of such severity that there is "significant and persistent disorganization of motor function in two extremities resulting in substantial disturbance of gross and dextrous movements, or gait and station." *Id.*

In the instant matter, the ALJ sufficiently determined that based on the available medical evidence and Dr. Fechner's testimony, Plaintiff failed to meet Listing 9.08's second requisite

7

criteria. *Id.* Plaintiff contends that the ALJ failed to give proper opinion weight to his treating physician, Dr. Chaney, in rendering his decision. Plaintiff correctly asserts that the ALJ should accord great weight to a treating physician's reports, particularly "when their opinions reflect expert judgement based on a continuing observation of the patient's condition over a long period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir. 1987)). However, where the "opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose who to credit . . . [A]nd may reject a treating physician's opinion outright" if contradictory medical evidence exists. *Id.* The ALJ may afford greater or lesser weight to the treating physician's report based on other reports. *Plummer v. Apfel*, 186 F.3d 422, 430 (3d Cir. 1999) (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985)). In rendering his decision, the ALJ assessed Drs. Fechner, Pollack, Goldbas and Chaney's reports. Due to none of the medical reports containing objective evidence or clinical findings establishing Plaintiff's purported neuropathy, the ALJ chose to afford the treating physician's opinion little weight. The ALJ had full discretion in rejecting the treating physician's opinion due to the contradictory medical reports and evidence of Dr. Fechner, Dr. Pollack and Dr. Goldbas.

Plaintiff also argues that the ALJ failed to fully develop the record and was obligated to "re-contact Dr. Chaney, *sua sponte*, to obtain corroborative evidence of pain". (Pl.'s Br. at 9.) The cases that Plaintiff cites to in support of this proposition, *Reefer v. Barnhart*, 326 F.3d 376, 382 (3d Cir. 2003) and *Smith v. Harris*, 644 F.2d 985, 990 (3d Cir. 1981), involved *pro se* claimants/plaintiffs. Those Courts expected an ALJ to assume a more active role because the claimants were unrepresented by counsel. *Smith*, 644 F.2d at 989 (citing *Hess v. Secretary*, 497

F.2d at 840). In the instant matter, Plaintiff has been, and currently remains, represented by counsel. Plaintiff's bald assertion that the ALJ was required to more fully develop the pre-decision record is ultimately non-dispositive and inconsequential. Additionally, although Plaintiff was prescribed elevated blood pressure level medication, the ALJ found, and Plaintiff does not contest, that there was "no evidence of accompanying ischemia or other cardiovascular disease as outlined in §§ 4.02, 4.03 or 4.04 of subpart P." (ALJ"s Decision at 3.)

The Court rules that the ALJ's findings were based on a thorough medical evidence analysis, including the weighing of four medical professionals reports. (ALJ's Decision at 2-3.) As such, the medical evidence was adequate and supports the ALJ's Decision.

### B. *The ALJ Properly Evaluated Plaintiff's RFC (Step Four)*

The Commissioner must determine a claimant's RFC before deciding whether the claimant has the RFC to perform the requirements of his past relevant work. (ALJ's Decision at 5); *see also* 20 C.F.R. §§ 416.920 (e), (f). RFC is an individual's ability to do physical and mental work activities on a sustained basis despite impairment limitations. (ALJ's Decision at 4.) RFC must be determined upon consideration of all of a claimant's impairments, including non-severe ones. (ALJ's Decision at 4). An ALJ should reach a conclusion "based on all the relevant medical and other evidence in [the] record . . ." 20 C.F.R. §§ 416.920 (e), 416.945 (a).

Once an administrative law judge concludes that a claimant's medical impairment could reasonably limit the claimant's abilities, he must then "evaluate the intensity and persistence of the pain or symptom to determine the extent to which it affects the individual's ability to work." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir.1999). This "requires the ALJ to determine the

extent to which a claimant is accurately stating the degree of pain or the extent to which he is disabled by it." *Hartranft*, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)). Plaintiff contends that the ALJ erred in failing to consider his history and subjective testimonials as to his pain level. (Pl.'s Br. at 10.) The ALJ was not obligated, however, to accept Plaintiff's complaint and restriction testimony without question and had the discretion to evaluate his credibility in light of the record evidence. *LaCorte v. Bowen*, 678 F. Supp. 80, 83 (D.N.J. 1988). A claimant's allegations of pain and other subjective symptoms must be supported by objective medical evidence; any testimony of subjective complaints found inconsistent with medical evidence may be rejected by an ALJ. *See* 20 C.F.R. § 404.1529; *Burns v. Barnhart*, 312 F.3d 113, 130-31 (3d Cir. 2002). When conflicting evidence is presented, the ALJ should weigh the evidence and explain his rejection of a claimant's subjective allegations with reference to medical reports by multiple doctors. *Giese v. Comm'r of Soc. Sec.*, 2007 WL 3133102, *4 (Oct. 29, 2007) (citing *Sykes v. Apfel*, 228 F.3d 259, 266 n. 9 (3d Cir.2000)). This Court is not to determine whether it would have arrived at the same decision; but rather, whether there is substantial evidence supporting the Commissioner's decision. *Hartranft*, 181 F.3d at 360.

In the matter at bar, the ALJ determined that Plaintiff had the RFC to perform work involving lifting and carrying objects weighing up to 20 pounds, could sit/stand/walk for six hours in an eight-hour day and could perform a full range of light work pursuant to the Guidelines. (ALJ's Decision at 6.) The ALJ reached his decision after considering the evidence record, including medical evidence and Plaintiff's age, education and relevant past work experience. (ALJ's Decision at 5.) Specifically, as stated above, the ALJ made reference to Drs. Fechner and Pollack's medical reports which reflected that Plaintiff exhibited normal

ambulation, gait, and motor and touch sensation levels, with no objective neuropathy evidence. (ALJ's Decision at 4-5.) Consequently, the record adequately supports the ALJ's conclusion.

For the reasons discussed above, the Court is satisfied that the ALJ's RFC and credibility determination is supported by substantial evidence.

### C. *The ALJ Properly Found Plaintiff Could Do Other Work (Step Five)*

The ALJ determined that based on Plaintiff's RFC he is unable to perform his past relevant work as a bus driver because New Jersey State Law disqualifies any individual who requires insulin from operating a bus. (ALJ's Decision at 5.) Failure to do past relevant work does not automatically render a claimant disabled. Rather, the Commissioner uses the RFC assessment along with the claimant's age, education, and work experience to decide if the claimant can adjust to any other work which exists in the national economy. *See* 20 C.F.R. § 416.969a (a). In making this determination, the Commissioner examines the claimant's factors in conjunction with the Guidelines. 20 C.F.R. pt. 404, Subpt. P, App. 2. Plaintiff's subjective complaints are not sufficient for this determination. The Guidelines direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's vocational profile and whether a claimant has exertional and/or non-extertional limitations. Exertional limitations are those limitations that affect the ability to meet the strength demands of a job, such as sitting, standing, walking, lifting, carrying, pushing, and pulling. *See* 20 C.F.R. § 416.969a (a),(b). However, non-exertional limitations are limitations that affect the ability to do things other than the strength demands of a job, such as limitations in concentrating, seeing, hearing, reaching, handling, stooping, etc. *See* 20 C.F.R. § 416.969a (c).

11

In the matter at bar, the ALJ considered all Plaintiff's professed limitations and his resultant RFC, and further determined that: (1) Plaintiff was fifty-four at the time he filed his Application, which marks him as an "individual closely approaching advancing age" for Guidelines purposes; (2) he has at least a high school education; and (3) he has no past relevant work transferrable skills. (ALJ's Decision at 7.) Consequently, he is not disabled as defined under the SSA and specifically 20 CFR §§ 404.1520(g) and 416.920(g).

Despite Plaintiff's claim that the ALJ erred in not considering his subjective pain complaints, his complaints were inconsistent with the medical evidence and testimony record. As such, they were properly considered by the ALJ but *prima facie* insufficient to render a counter disability determination. Pursuant to Guidelines § 202.13 and in congruence with the aforementioned determinations, the ALJ properly concluded that Plaintiff could perform both light and sedentary work. (ALJ's Decision at 7.) Ultimately, the ALJ correctly applied the Guidelines to find that Plaintiff is not disabled. The ALJ's Decision and the Commission's determination are therefore adequately supported by substantial evidence.

## V.  CONCLUSION

As substantial evidence exist in the record to support the ALJ and Commissioner's findings and determinations, they are conclusive. The ALJ's Decision is thus **AFFIRMED**.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.